IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EDISON S. DICION, | ) | CIV. NO. 14-00252 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER (A) GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | DEFENDANTS NATIONSTAR |
| | ) | MORTGAGE LLC, MORTGAGE |
| MANN MORTGAGE, LLC; et al., | ) | ELECTRONIC REGISTRATION |
| | ) | SYSTEMS, INC., AND FEDERAL |
| Defendants. | ) | NATIONAL MORTGAGE |
| | ) | ASSOCIATION'S MOTION (1) TO |
| | ) | DISMISS COMPLAINT FILED MAY |
| | ) | 28, 2014, AND (2) FOR SANCTIONS |
| | ) | AGAINST PLAINTIFF'S COUNSEL, |
| | ) | DOC. NO. 28; AND (B) GRANTING |
| | ) | DEFENDANTS BANK OF |
| | ) | AMERICA, N.A., AND MARTHA |
| | ) | MUNOZ' MOTION TO DISMISS |
| | ) | COMPLAINT FILED SEPTEMBER 8, |
| _____ | ) | 2014, DOC. NO. 31 |

**ORDER (A) GRANTING IN PART AND DENYING IN PART
DEFENDANTS NATIONSTAR MORTGAGE LLC, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AND FEDERAL
NATIONAL MORTGAGE ASSOCIATION'S MOTION (1) TO DISMISS
COMPLAINT FILED MAY 28, 2014, AND (2) FOR SANCTIONS AGAINST
PLAINTIFF'S COUNSEL, DOC. NO. 28; AND (B) GRANTING
DEFENDANTS BANK OF AMERICA, N.A., AND MARTHA MUNOZ'
MOTION TO DISMISS COMPLAINT FILED SEPTEMBER 8, 2014,
DOC. NO. 31**

# I. **INTRODUCTION**

This action is one of the myriad cases filed in this district by Plaintiff Edison S. Dicion ("Plaintiff")'s counsel Robert Stone ("Stone"), alleging a state-law quiet title claim on the basis that the mortgagor is unsure to whom mortgage payments should be made. Many of these cases have been dismissed for lack of subject matter jurisdiction -- mere uncertainty as to whom to pay does not establish an injury-in-fact.[1]

The main difference setting this action apart from Stone's other actions is that this is the *second* action Stone has filed on behalf of Plaintiff against these same Defendants.[2] In the first action, *Dicion v. Mann Mortgage, LLC*, Civ. No. 13-00533 JMS-KSC ("*Dicion I*"), Plaintiff asserted a single claim for quiet title on the basis that he was unsure of the mortgagee for his loan. Like Stone's other actions alleging a quiet title claim, *Dicion I* dismissed Plaintiff's

---

[1] *See, e.g.*, *Dimitrion v. Morgan Stanley Credit Corp.*, 2014 WL 2439631 (D. Haw. May 29, 2014); *Toledo v. Bank of New York Mellon*, CV 13-00539 DKW-KSC, Doc. No. 45 (D. Haw. May 2, 2014); *Broyles v. Bank of Am.*, 2014 WL 1745097 (D. Haw. Apr. 30, 2014); *Moore v. Deutsche Bank Nat'l Trust Co.*, 2014 WL 1745076 (D. Haw. April 30, 2014); *Wegesend v. Envision Lending Grp.*, 2014 WL 1745340 (D. Haw. Apr. 30, 2014); *Dicion v. Mann Mortg., LLC*, 2014 WL 1366151 (D. Haw. Apr. 4, 2014); *Pascua v. Option One Mortg. Corp.*, 2014 WL 806226 (D. Haw. Feb. 28, 2014).

[2] Defendants include Mann Mortgage, LLC ("Mann"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Federal National Mortgage Association ("FNMA"); Bank of America, N.A. ("BANA"); BAC Home Loans Servicing, L.P. ("BAC"); Nationstar Mortgage ("Nationstar"); and Martha Munoz ("Munoz") (collectively, "Defendants").

claim for lack of standing and failure to establish an amount in controversy sufficient to invoke diversity jurisdiction. *Dicion I*, 2014 WL 1366151 (D. Haw. Apr. 4, 2014). Rather than appeal from the final judgment, Plaintiff filed this action ("*Dicion II*"), making the same basic allegations of uncertainty as to the true mortgagee. Plaintiff included in this action, however, two additional claims -- slander of title and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

Currently before the court are Motions to Dismiss brought by Defendants Nationstar, MERS, and FNMA (collectively "Nationstar Defendants"), Doc. No. 28, and by BANA, as successor to BAC, and Munoz (collectively, "BANA Defendants"). Doc. No. 31. Nationstar Defendants seek dismissal of Plaintiff's Complaint with prejudice because the claims are barred by issue preclusion and/or the court lacks subject matter jurisdiction, and further seek sanctions against Plaintiff for filing a second baseless action. BANA Defendants argue that the Complaint should be dismissed for lack of subject matter jurisdiction and/or for failure to state a plausible claim upon which relief may be granted. Based on the following, the court GRANTS in part and DENIES in part Nationstar Defendants' Motion, and GRANTS BANA Defendants' Motion.

## II. **BACKGROUND**

**A.     Factual Background**

*1.     Allegations in the Complaint*

As alleged in the Complaint, on May 15, 2009, Plaintiff obtained a loan for $230,500 from Mann, secured by real property located at 67-160 Kuoha Street, Waialua, Hawaii 96791 (the "subject property"), as evidenced by a mortgage and promissory note.  Doc. No. 1, Compl. ¶ 15; Doc. Nos. 1-1, 1-2, Exs. A, B.  Both the note and mortgage identify Mann as the Lender, *id.*, and the mortgage identifies MERS as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the mortgagee under this Security Instrument."  Doc. No. 1-2, Ex. B ¶ C.  The note provides that "the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"  Doc. No. 1-1, Ex. A ¶ 1.

The mortgage provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."  Doc No. 1-2, Ex. B ¶ 20.  In addition, the mortgage defines the role of the Loan Servicer -- an "entity . . . that collects Periodic Payments due under the Note and this Security Instrument and performs

other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law" -- and provides that "[i]f there is a change of the Loan Servicer, Borrower will be given written notice of the changes which will state the name and address of the new Loan Servicer [and] the address to which payments should be made[.]" *Id.*

On February 24, 2012, Munoz executed an Assignment of Mortgage on behalf of MERS, as nominee for Mann, to BANA, which was recorded in the State of Hawaii Bureau of Conveyances on April 13, 2012. Doc. No. 1-3, Ex. C. The Complaint alleges that this assignment was "false and deceptive" to the extent it asserts that BANA acquired the Note from MERS. Doc. No. 1, Compl. ¶ 17. The Complaint explains that Munoz, who "signed the false and deceptive Assignment," was not the "Vice President of Defendant MERS," as indicated on the Assignment, but is "actually an employee of [BANA]." *Id.* ¶¶ 18-19.

On May 9, 2013, Nationstar sent Plaintiff an email message claiming that it "owns the servicing rights to [Plaintiff's] Mortgage." *Id.* ¶ 22; *see* Doc. No. 1-5, Ex. E. On May 14, 2014, Plaintiff allegedly searched MERS' ServicerID website which indicated that Fannie Mae is the Mortgage "investor," or Note holder, and BANA is the "servicer." Doc. No. 1, Compl. ¶ 20; *see* Doc. No. 1-4, Ex. D (providing a "MIN" number for Plaintiff's loan, specifying "MIN Status:

Inactive," and identifying BANA as the loan "Servicer" and Fannie Mae as the loan "Investor"). Fannie Mae has not provided any documentation to this effect to Plaintiff, has not responded to Plaintiff's correspondence, and has not recorded any document in connection with the subject property. Doc. No. 1, Compl. ¶ 21.

In support of the quiet title claim in particular, Plaintiff alleges that each of the Defendants "has confused its interest in the Mortgage," *id.* ¶¶ 25-28, and that "[Plaintiff] has [both] a legal duty to pay his mortgage to the correct party[, and] the right to negotiate with the owner of his mortgage to obtain a modification." *Id.* ¶ 29. The Complaint further alleges that "absent a declaration by this Court" determining the true mortgagee, Plaintiff "will be liable to double or triple liability for his mortgage debt." *Id.*

In support of his Slander of Title claim, Plaintiff alleges that BANA published the Assignment by recording it with the Bureau of Conveyances, and that this Assignment is false to the extent Munoz asserted she was an agent of MERS when she was in fact an agent of BANA. *Id.* ¶ 34. According to Plaintiff, this Assignment "disparaged the title to [Plaintiff's] property," and caused Plaintiff $235,000 damages in lost equity in his property. *Id.* ¶¶ 37-38.

Finally, Plaintiff alleges that Defendants violated the FDCPA where MERS never owned the Note or Mortgage, BANA recorded a false assignment,

Nationstar contacted Plaintiff as an agent of BANA, and all Defendants have communicated to third parties information about [Plaintiff's] credit, which information is known, or which should be known to be false." *Id.* ¶¶ 44-49.

### 2.   Allegations That Are <u>Not</u> Made in the Complaint

The allegations contained in the Complaint stand in sharp contrast with what the Complaint does not allege, and what this action apparently does not involve.  In particular, the Complaint does not allege that Plaintiff's loan is in default, much less that any Defendant is seeking to foreclose on the subject property.  Nor does the Complaint allege that the mortgage loan is an invalid debt, or that any Defendant other than BANA asserts that it is entitled to Plaintiff's mortgage payments.  Thus, given what is *not* alleged, the gist of the Complaint is that Plaintiff questions whether BANA was validly transferred the mortgage loan, which is based not on any conflicting claims by Defendants seeking Plaintiff's mortgage payments, but rather simply MERS' assignment of the mortgage loan to BANA.

### B.   Procedural Background

### 1.   Dicion I

On October 15, 2013, Plaintiff filed his Complaint in *Dicion I*, styled as a declaratory action, alleging one Count for quiet title to "clarify the legal

relations between the parties." *Dicion I*, Doc. No. 1, Compl. ¶ 33. On April 4, 2014, the court dismissed the Complaint for lack of subject matter jurisdiction, and the Clerk of Court closed the case file. *Id.*, Doc. Nos. 42, 43. On May 15, 2014 -- five weeks after judgment entered in that action -- Plaintiff attempted to file an Amended Complaint in *Dicion I*, Doc. No. 44, which the court struck on May 19, 2014 because judgment had already entered. *Dicion I*, Doc. No. 45.

## 2. *Dicion II*

On May 28, 2014 -- nine days after the court struck his Amended Complaint in *Dicion I* -- Plaintiff filed this action. Doc. No. 1. On July 7, 2014, the court issued a sua sponte Order to Show Cause Why Action Should Not Be Dismissed ("OSC") on the basis that the current action is barred by doctrines of claim preclusion and/or issue preclusion. Doc. No. 9. The court subsequently vacated the OSC, determining it was more appropriate for the Defendants to file an appropriate motion to dismiss. Doc. No. 13.

On October 1, 2014, Nationstar Defendants filed their Motion to Dismiss. Doc. No. 28. On October 2, 2014, BANA Defendants filed their Motion to Dismiss. Doc. No. 31. Plaintiff filed an Opposition to BANA Defendants' Motion on October 20, 2014, Doc. No. 34, but did not file a response to the Nationstar Defendants' Motion. BANA Defendants filed their Reply on October

24, 2014, Doc. No. 35, and Nationstar Defendants filed a Reply on October 27,

2014.  Doc. No. 36.  A hearing was held on November 10, 2014.

### III.  <u>STANDARDS OF REVIEW</u>

#### A.    **Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss

claims over which it lacks proper subject matter jurisdiction. The court may

determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule

12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of

a case." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195

(9th Cir. 2008).  The moving party "should prevail [on a motion to dismiss] only if

the material jurisdictional facts are not in dispute and the moving party is entitled

to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's &

Warehousemen's Union*, 269 F.3d 1042, 1060 (9th Cir. 2001) (citation and

quotation marks omitted).

#### B.    **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr*, 652 F.3d at 1216.  Factual allegations that only

permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

## IV. <u>DISCUSSION</u>

### A. Defendants' Arguments for Dismissal of the Complaint

Nationstar Defendants and BANA Defendants both seek dismissal of the Complaint, but raise different arguments. Nationstar Defendants argue that this action is barred by issue preclusion and that the court lacks subject matter jurisdiction, and BANA Defendants similarly argue that the court lacks subject matter jurisdiction, and also argue that the Complaint fails to allege a plausible claim for relief. Further, at the November 10, 2014 hearing, the court informed Plaintiff that it would sua sponte apply BANA Defendants' Rule 12(b)(6) arguments to all Defendants, and further provided Plaintiff the opportunity to submit supplemental briefing addressing such argument as applied to Nationstar Defendants. *See Lee v. City of Los Angeles*, 250 F.3d 668, 683 n.7 (9th Cir. 2001) ("Although '[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6),' *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987), the court must give notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion." (some citations and quotations omitted)). Plaintiff declined to submit

additional briefing, instead opting to rely on the Opposition he already submitted. The court now addresses each of these arguments.

### 1.    *Issue Preclusion*

Nationstar Defendants argue that issue preclusion bars Plaintiff from relitigating federal jurisdiction based on the same factual allegations that were or could have been raised in *Dicion I.*  Doc. No. 28-1, Def.'s Mot. at 1, 6.  Based on the following, the court agrees with Nationstar Defendants only as to Plaintiff's quiet title claim.

In general, the preclusive effect of a federal judgment is a question of federal law.  *See Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1376 (9th Cir. 1987).  And under federal law, issue preclusion (also called "collateral estoppel") "preclude[s] relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action."  *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (quoting *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170-71 (1984)).  Issue preclusion bars a party "from relitigating an issue if four requirements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom [issue preclusion] is

asserted was a party to or in privity with a party in the previous action."[3]  *Id.*

(citing *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008); *see also*

*Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002).

     *Dicion I* dismissed Plaintiff's complaint asserting a single claim for

quiet title based on lack of Article III standing and failure to establish diversity

jurisdiction.  In general, dismissal based on a curable defect such as jurisdiction is

not an adjudication on the merits in the traditional sense, and "a second action on

the same claim is permissible after correction of the deficiency."  *Wolfson*, 616

F.3d at 1064 (citing 18A Wright, Miller & Cooper, Federal Practice & Procedure

§ 4436 (2000) ("Wright, Miller & Cooper")).  Wright, Miller & Cooper explain:

> There is little mystery about the res judicata effects of a
> judgment that dismisses an action for lack of
> subject-matter or personal jurisdiction or for improper
> venue.  Civil Rule 41(b) provides that a dismissal for
> lack of jurisdiction or improper venue does not operate
> as an adjudication upon the merits.  This provision
> means only that the dismissal permits a second action on
> the same claim that corrects the deficiency found in the
> first action.  The judgment remains effective to preclude

---

[3]  In comparison, claim preclusion (also called "res judicata"), "precludes relitigation of claims that were raised or should have been raised in earlier litigation."  *San Remo Hotel, L.P. v. San Francisco City & Cnty.*, 364 F.3d 1088, 1094 (9th Cir. 2004); *see also Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002) ("'Claim preclusion' bars any "lawsuits on 'any claims that were raised *or could have been raised* ' in a prior action.").  In general, claim preclusion applies if "there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."  *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1174 (9th Cir. 2004) (citation and quotations omitted).

> relitigation of the precise issue of jurisdiction or venue
> that led to the initial dismissal.
> . . .
> Dismissals for want of justiciability are controlled by the
> same principles as apply to want of subject-matter
> jurisdiction. The decision should preclude relitigation of
> the very issue of justiciability actually determined, but
> does not preclude a second action on the same claim if
> the justiciability problem can be overcome. This result
> holds for dismissals based on a lack of standing,
> ripeness, or mootness.

Wright, Miller & Cooper § 4436 (footnotes with citations omitted). *See also* Fed.

R. Civ. P. 41(b) (providing that an involuntary dismissal "except one for lack of

jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as

an adjudication on the merits").

*Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000), describes the

preclusive effect of actions dismissed for lack of jurisdiction as follows:

> Although only judgments on the merits preclude parties
> from litigating the same cause of action in a subsequent
> suit, that does not mean that dismissals for lack of
> jurisdiction have no preclusive effect at all. A dismissal
> for lack of jurisdiction precludes relitigation of the issue
> actually decided, namely the jurisdictional issue.
> *Magnus Elec., Inc. v. La Republica Argentina*, 830 F.2d
> 1396, 1400 (7th Cir. 1987). The difference is in the type
> of preclusion, not the fact of preclusion. "[A] judgment
> on the merits precludes relitigation of any ground within
> the compass of the suit, while a jurisdictional dismissal
> precludes only relitigation of the ground of that dismissal
> . . . and thus has collateral estoppel (issue preclusion)

14

> effect rather than the broader res judicata effect that
> nowadays goes by the name of claim preclusion." *Okoro
> v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999).

*Id.* at 318.

*Perry* determined that a complaint was barred by issue preclusion where it alleged the same claims as a prior action which was dismissed for lack of standing, even though the new complaint included additional factual allegations. *Perry* reasoned that because these additional facts were known to the plaintiff when the first action was filed, their inclusion could not avoid issue preclusion. *Id.* Rather, given the liberal amendment of pleadings allowed under the Federal Rules, "it does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements." *Id.* (quoting *Magnus Elec.*, 830 F.2d at 1401); *see also Coll. Sports Council v. Dep't of Educ.*, 465 F.3d 20, 22 (D.C. Cir. 2006) (per curiam) (holding previous dismissal for lack of standing had preclusive effect where there were "no material differences" between the complaints in the first and second actions); *Wells Fargo Bank, N.A. v. Ullah*, 2014 WL 2117243, at *3 (S.D.N.Y. May 21, 2014) ("Dismissals for lack of standing are dismissals without prejudice because standing may ebb and flow. A party without standing may later

acquire it. But this requires some change in circumstances. Once a court determines that a given set of circumstances does not constitute a case or controversy, that decision is final."); *Cf. Howard v. Farmers Ins. Co.*, 2014 WL 1401801, at *3 (C.D. Cal. Apr. 9, 2014) (rejecting that Plaintiff's complaint was barred by issue preclusion where first action was dismissed for failure to meet the amount in controversy and new complaint included second claim, which aggregated with previous claim, met the jurisdictional requirement).

Applying these principles, the court has little difficulty determining that Plaintiff's quiet title claim is barred by issue preclusion. Plaintiff's quiet title claim is virtually identical to his quiet title claim in *Dicion I* -- the allegations are the same, except for minor differences deleting several named defendants. And *Dicion I* has already determined that these allegations fail to establish an injury in fact sufficient to support a quiet title claim where Plaintiff alleges only uncertainty regarding the identity of the mortgagee for his loan. *See Dicion I*, 2014 WL 1366151, at *4-5. In this action, Plaintiff includes no new facts -- and certainly none learned after Plaintiff filed *Dicion I* -- that would prevent [application of] *Dicion I's* holding that Plaintiff failed to establish an injury in fact for this claim. Thus, *Dicion I* bars Plaintiff's quiet title claim in this action.

Plaintiff's new claims for slander of title and violation of the FDCPA -- alleged for the first time in this action -- present a different analysis. These claims are distinct from the quiet title claim and are based on additional factual allegations not included in *Dicion I*. In particular, for the slander of title claim, Plaintiff alleges that BANA disparaged Plaintiff's title to the subject property by publishing a false assignment, and for the FDCPA claim, Plaintiff alleges that BANA and Nationstar made false representations to Plaintiff in connection with collecting a debt and communicated false information regarding Plaintiff's credit to third parties. *See* Doc. No. 1, Compl. ¶¶ 34, 37-38, 44-49. *Perry* and its predecessor, *Magnus Electronics*, do not address the situation presented here -- they addressed only whether issue preclusion bars a plaintiff from alleging the *same* claim that had been previously dismissed in an earlier action, not whether a plaintiff may allege *additional* claims. *See Perry*, 222 F.3d at 318; *Magnus Elec.*, 830 F.2d at 1401.

For several reasons, the court finds that issue preclusion does not apply to Plaintiff's new claims. As an initial matter, the issue presented and decided in *Dicion I* was limited to whether the court had subject matter jurisdiction over Plaintiff's quiet title claim -- no other claims or facts were

presented to the court, and the court did not determine whether Plaintiff could assert any additional claims. And at least as to Plaintiff's FDCPA claim, it appears to be based on facts separate from the quiet title claim -- *i.e.*, that Defendants communicated with third parties information about Plaintiff's credit, and falsely represented to Plaintiff the character, amount, and legal status of the alleged debt. Doc. No. 1, Compl. ¶¶ 48-49. Such allegations, to the extent not based on Plaintiff's assertion that the assignment of the mortgage is invalid, could be the basis of a separate action regardless of *Dicion I.*

Further, Plaintiff arguably was not given the opportunity to present these additional claims and/or facts in *Dicion I* -- the complaint was dismissed without leave to amend and the action closed.[4] Under these circumstances, although Plaintiff had a full and fair opportunity to litigate the issue of subject matter jurisdiction over the quiet title claim, he did not have the opportunity to address the issue of subject matter jurisdiction for any claim that may arise from his mortgage loan. Under such facts, the court finds that issue preclusion does not apply to these claims. *See Allen v. McCurry*, 449 U.S. 90, 101 (1980) ("Collateral estoppel does not apply where the party against whom an earlier court decision is

---

[4] In *Dicion I*, the issue of subject matter jurisdiction was first raised via letter by Defendants' counsel, after the parties had fully briefed a Rule 12(b)(6) Motion to Dismiss. Plaintiff was permitted to submit a supplemental brief on the issue of subject matter jurisdiction.

asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court."); *Fairbank v. Underwood*, 986 F. Supp. 2d 1222, 1233 (D. Or. 2013) (determining that pro se plaintiff did not have full and fair opportunity to litigate FDCPA claim in previous action where previous action was dismissed without leave to amend and without oral argument).

The court therefore GRANTS Nationstar Defendants' Motion as to Plaintiff's quiet title claim (Count I) against Nationstar Defendants only,[5] and DENIES Nationstar Defendants' Motion as to the new counts (Counts II and III).

## 2.    *Subject Matter Jurisdiction*

All Defendants argue that the court lacks subject matter jurisdiction because the Complaint fails to establish an injury in fact or a sufficient amount in controversy for diversity jurisdiction. The court addresses these arguments in turn.

To have standing, Plaintiff must establish three elements: (1) injury in fact; (2) causation; and (3) redressability. *Oliver v. Ralphs Grocery Co.*, 654 F.3d

---

[5] BANA Defendants do not argue that Plaintiff's claims are barred by issue and/or claim preclusion. As a result, this dismissal of Count I is as to Nationstar Defendants only. *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1119 (9th Cir. 2003) ("Claim preclusion is an affirmative defense which may be deemed waived if not raised in the pleadings. Moreover, the failure of the defendant to object to the prosecution of dual proceedings while both proceedings are pending also constitutes waiver." (quoting *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995)).

903, 907 (9th Cir. 2011). An injury in fact is defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). The "injury in fact" requirement under Article III "turns on the nature and source of the claim asserted," and in some cases, an injury in fact "may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973)). Standing is determined on a claim-by-claim basis. *Get Outdoors II, LLC v. City of San Diego, Cal.*, 506 F.3d 886, 893 (9th Cir. 2007).

The court agrees with Defendants that Plaintiff has not established an injury in fact in support of his quiet title claim.[6] As stated above, Plaintiff's quiet title claim is virtually identical to the one he alleged in *Dicion I*, and Plaintiff therefore lacks standing to assert this claim for all the reasons explained in *Dicion I. See Dicion I*, 2014 WL 1366151, at *4-5. As *Dicion I* held, although the Complaint alleges that at various points in time, each of the Defendants has

_____

[6] Although the court dismissed Plaintiff's quiet title claim against Nationstar Defendants based on issue preclusion, the court also lacks subject matter jurisdiction on this claim and presents this analysis as an alternative basis for dismissal of this claim as to Nationstar Defendants.

"claimed to be the mortgagee" of Plaintiff's loan, Doc. No. 1, Compl. ¶ 1, Plaintiff

never alleges that his loan is in default; that any Defendant, let alone multiple

Defendants, has demanded payment from Plaintiff; or that any Defendant has

initiated foreclosure proceedings against the subject property. *See id.* ¶¶ 24-28.

Absent such factual allegations, the potential for multiple liability or foreclosure is

no more than mere speculation and falls far short of constituting an Article III

injury in fact, and Plaintiff's uncertainty regarding which Defendant is entitled to

his mortgage payments is neither sufficiently concrete nor particularized to

constitute an injury in fact. Further, in the absence of a demand for payment from

multiple Defendants, Plaintiff's uncertainty is not fairly traceable to any

challenged action of the Defendants, or likely to be redressed by a favorable

decision. *See Dicion I*, 2014 WL 1366151, at *5. The court therefore lacks

subject matter jurisdiction over the quiet title claim.

       Plaintiff has also failed to establish the requisite injury in fact for his

slander of title claim. In general, a slander of title claim requires a plaintiff to

establish "(1) ownership of or interest in the property by the plaintiff; (2) falsity of

the words published; (3) malice of the defendant in publishing the false

statements; (4) publication to some person other than the owner; (5) publication in

disparagement of plaintiff's property or the title to it; and (6) special damages

proximately resulting from such publication." *Shayefar v. Kaleleiki*, 2014 WL

5023498, at *8 (D. Haw. Oct. 7, 2014) (citations omitted); *see also Velasco v. Sec.*

*Nat'l Mortg. Co.*, 823 F. Supp. 2d 1061, 1067 (D. Haw. 2011). Although Plaintiff

alleges these elements in the most conclusory fashion -- that BANA published the

Assignment by recording it with the Bureau of Conveyances, the Assignment is

false to the extent Munoz asserted she was an agent of MERS, and the Assignment

"disparaged the title to [Plaintiff's] property" and caused Plaintiff $235,000

damages in lost equity in his property, Doc. No. 1, Compl. ¶¶ 34, 37-38 -- merely

reciting the elements does not establish an injury in fact where the theory

underlying this claim is unsustainable.

In particular, Plaintiff's entire basis for this claim is that the

assignment is invalid. But Plaintiff is not a party to the assignment, and its

validity does not affect the amount due on Plaintiff's mortgage loan -- it only

affects to whom Plaintiff is obligated. And the Complaint does not allege that

multiple Defendants now hold conflicting assignments of the mortgage loan, or

that multiple Defendants are seeking payment. As a result, Plaintiff has no basis

to assert that this assignment caused Plaintiff $235,000 damages in lost equity

where only one party is asserting ownership of the mortgage loan and the

mortgage is a valid debt. In short, there are no allegations of fact to support any

damages. Plaintiff has therefore failed to demonstrate a concrete and particularized injury in fact that is fairly traceable to this assignment. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL 622169, at *4 (D. Haw. Feb. 23, 2012) ("Absent an enforceable contract right, a party lacks standing to challenge the validity of the contract." (quoting *Velasco*, 823 F. Supp. 2d at 1067); *see also Deshaw v. Mort. Elec. Registration Sys., Inc.*, 2014 WL 3420771, at *4 (D. Haw. July 10, 2014) (dismissing complaint pursuant to Rule 12(b)(1) because "Plaintiffs, not having been a party to the Assignment from one lender to another, lack standing to raise such a challenge"). As with the quiet title claim, Plaintiff's subjective uncertainty as to the mortgagee is insufficient injury in fact for a slander of title claim.

As to the FDCPA claim, Plaintiff appears to similarly base this claim, at least in part, on the allegation that BANA's assignment is invalid. *See* Doc. No. 1, Compl. ¶¶ 43-46. To the extent Plaintiff bases his FDCPA claim based solely on such allegations, the claim would fail because, as explained above, Plaintiff lacks standing to challenge the validity of the assignment. *See Bank of New York Mellon v. Sakala*, 2012 WL 1424665, at *5 (D. Haw. Apr. 24, 2012) (dismissing FDCPA claim for lack of standing where claim was based on violation of the PSA to which the borrower was not a party); *Marquez v. U.S. Bank*, 2012 WL

10423212, at *3 (C.D. Cal. Mar. 19, 2012) (similar). The Complaint additionally alleges, however, that BANA and Nationstar "used false, deceptive, and misleading misrepresentations to [Plaintiff] in connection with the collection of an alleged debt," Doc. No. 1, Compl. ¶ 48; "falsely represented to [Plaintiff] the character, amount, and legal status of the alleged debt," *id.*, and "communicated with third parties information about [Plaintiff's] credit, which information is known, or which should be known to be false." *Id.* ¶ 49. These allegations go beyond Plaintiff merely asserting uncertainty as to who holds his mortgage loan (or issues related to its assignment), and asserts an injury under the FDCPA (even if, as explained below, such allegations fail to allege a plausible claim for relief). Plaintiff therefore has standing to assert this claim.

In sum, the court GRANTS Defendants' Motion to Dismiss for lack of subject matter jurisdiction as to Plaintiff's claims for quiet title (Count I) and slander of title (Count II). Plaintiff's remaining claim is for violation of the FDCPA (Count III). Because this claim alleges a violation of a federal statute, the court rejects as inapplicable Defendants' arguments that Plaintiff has failed to establish a sufficient amount in controversy for diversity jurisdiction. The court therefore DENIES Defendants' Motions to dismiss for lack of subject matter jurisdiction as to Plaintiff's FDCPA claim (Count III).

### *3.     Rule 12(b)(6)*

Plaintiff's remaining claim asserts that Defendants are debt collectors and used deceptive practices to collect a debt from Plaintiff in violation of the FDCPA.  *See* Doc. No. 1, Compl. ¶¶ 42-49.  As alleged, the deceptive practices include that Defendants "used false, deceptive, and misleading misrepresentations to [Plaintiff] in connection with the collection of an alleged debt," Doc. No. 1, Compl. ¶ 48; "falsely represented to [Plaintiff] the character, amount, and legal status of the alleged debt," *id.;* and "communicated with third parties information about [Plaintiff's] credit, which information is known, or which should be known to be false."  *Id.* ¶ 49.  These allegations are wholly conclusory -- the Complaint fails to explain what debt was attempted to be collected, how Defendants qualify as debt collectors, or exactly what Defendants did that violates the FDCPA. Instead, the Complaint simply tracks the basic elements of an FDCPA claim without alleging facts establishing a plausible basis for relief.  On this basis alone, Plaintiff's FDCPA claim fails.

This claim also fails because the Complaint provides no basis for Defendants to qualify as "debt collectors."  The FDCPA "comprehensively regulates the conduct of debt collectors," and "is a strict liability statute." *Tourgeman v. Collins Fin. Servs., Inc*., 755 F.3d 1109, 1119 (9th Cir. 2014)

(amended October 31, 2014) (quoting *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011)).  As a result, the FDCPA "broadly prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'"  *Id.* (quoting *Gonzales*, 660 F.3d at 1061 (quoting 15 U.S.C. § 1692e)).  To be liable for violating the FDCPA, however, a defendant must be a "debt collector" within the meaning of the statute. *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995).

The FDCPA defines a "debt collector" as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  A "debt collector" does not include, among other things --

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
> . . . .
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity

> (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement;
> (ii) concerns a debt which was originated by such person;
> (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

*Id.*

As a result of this definition, "original lenders, creditors, mortgage servicing companies, and mortgage brokers generally do not qualify as 'debt collectors.'" *Long v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 5079586, at *14 (D. Haw. Oct. 24, 2011) (citing cases); *see Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (dismissing FDCPA claims brought by mortgagors against mortgagee Wells Fargo as Wells Fargo was not a "debt collector" because complaint "establishe[d] only that debt collection is some part of Wells Fargo's business" and did not allege that Wells Fargo "collects debts owed to someone other than Wells Fargo"); *Kamakau*, 2012 WL 622169, at *8.

Nor does this definition include assignees of the mortgage debt, if the debt was not in default at the time the debt was obtained. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the

27

consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *see also, e.g.*, *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998) ("The plain language of § 1692a(6)(F) tells us that an individual is not a 'debt collector' subject to the [FDCPA] if the debt he seeks to collect was not in default at the time he purchased (or otherwise obtained) it."); *Soriano v. Wells Fargo Bank, N.A.*, 2012 WL 1536065, at *8 (D. Haw. Apr. 30, 2012) ("[The] Wells Fargo Defendants are not 'debt collectors' under the FDCPA if they were loan servicers that were servicing the loans before they went into default and thereafter sought to collect the debt."); *Wende v. Countrywide Home Loans, Inc.*, 2012 WL 642879, at *4 (S.D. Cal. Feb. 28, 2012) (concluding that "a loan servicer is not a debt collector if it acquired the loan before the borrower was in default"); *see also Cameron v. Acceptance Capital Mortg. Corp.*, 2013 WL 5664706, at *4 (W.D. Wash. Oct. 16, 2013) (determining that MERS is not a "debt collector" under the FDCPA).

The Complaint includes no allegations establishing that any Defendant's principal purpose of business is the collection of debts, or that any Defendant regularly collects debts owed to another. Nor does the Complaint allege that the mortgage loan is in default, much less that the mortgage loan was in

default at the time of the (allegedly invalid) assignment to BANA. As a result, Plaintiff has failed to allege a plausible violation of the FDCPA as to any Defendant.

The court therefore GRANTS BANA Defendants' Motion to Dismiss Plaintiff's FDCPA claim (Count III), as to all Defendants.

## B.     Leave to Amend

Defendants seek dismissal of Plaintiff's Complaint without leave to amend. Given the procedural posture of this case, the court has significant doubts that Plaintiff could file an amended complaint that both establishes standing as to each claim and asserts a plausible claim for relief. Indeed, *Dicion I* dismissed Plaintiff's quiet title claim for lack of jurisdiction, and in filing this action, Plaintiff asserted no new allegations to establish his standing for this claim.[7] Further, Plaintiff's new claims for slander of title and violation of the FDCPA both present significant defects that are well established in caselaw and that any perfunctory research would have revealed.

The court also recognizes, however, that *Dicion I* was dismissed for lack of subject matter jurisdiction without giving Plaintiff the opportunity to

---

[7]     Plaintiff's counsel Stone should well know by now of the defects of this claim -- this court has dismissed numerous actions filed by Stone on this same basis. Stone's persistence in asserting these claims is a waste of both party and judicial resources.

amend, and this Order is the first time the court has outlined to Plaintiff the defects

with his slander of title and FDCPA claim.  Although the court does not believe

that Plaintiff can amend his slander of title claim and FDCPA claim, or allege any

other claims based on the allegations of the Complaint, the court will grant

Plaintiff until November 24, 2014 to file a Motion to File an Amended Complaint

pursuant to Rule 15(a).  *See also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

1048, 1051 (9th Cir. 2003) (explaining that the Federal Rules provide that leave to

amend "shall be freely given when justice so requires," and that "this policy is 'to

be applied with extreme liberality'" (citations omitted)).  The court is granting

Plaintiff the opportunity to file such Motion so that Plaintiff has a full and fair

opportunity to raise all possible claims against Defendants at this time and to

prevent the filing of a third action alleging new facts and claims.

Such Motion shall attach a proposed amended complaint.  For each

claim alleged, the Motion shall explain the basis of the court's jurisdiction and

how, based on Ninth Circuit law, such claim asserts a plausible claim for relief.

Further, if the proposed amended complaint includes claims for slander of title or

violation of the FDCPA, Plaintiff shall explain how he has amended these claims

to address the deficiencies identified in this Order.  And if the proposed amended

complaint includes a claim for quiet title, Plaintiff must explain, pursuant to *Perry*,

what new facts he learned since the filing of this action that provide a basis for this court's jurisdiction.  In determining whether to file such Motion, the court further reminds Plaintiff's counsel Stone of Rule 11(b)'s mandate that parties must present arguments that are warranted by the law and are non-frivolous.  *See also* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").  If Plaintiff does not file such Motion by November 24, 2014, the court shall direct the Clerk of Court to close the case file.

## C.    Nationstar Defendants' Motion for Sanctions

Nationstar Defendants argue that sanctions should issue against Plaintiff for filing a second baseless action.  The court agrees that Plaintiff's Complaint raises a significant question as to Plaintiff's motivation in filing this second action where Plaintiff did not seriously attempt to correct the deficiencies identified in *Dicion I* and Plaintiff's new claims have been rejected by well-established law in this Circuit.  But the court does not go so far as to find that Plaintiff filed this action for an improper purpose.  Rather, after *Dicion I* was dismissed and as explained above, Plaintiff was not foreclosed from filing a new action with new allegations.  The court therefore DENIES Nationstar Defendants' Motion for Sanctions.

# V.  CONCLUSION

Based on the above, the court (A) GRANTS in part and DENIES in part Defendants Nationstar Mortgage LLC, Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association's Motion (1) to Dismiss Complaint Filed May 28, 2014, and (2) for Sanctions Against Plaintiff's Counsel, Doc. No. 28; and (B) GRANTS Defendants Bank of America, N.A., and Martha Munoz' Motion to Dismiss Complaint Filed September 8, 2014, Doc. No. 31.  By November 24, 2014, Plaintiff may file a Rule 15(a) Motion to File an Amended Complaint.  If Plaintiff does not file such Motion by November 24, 2014, the court will close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 10, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Dicion v. Mann Mortgage, et al.*, Civ. No. 14-00252 JMS-KSC, Order (A) Granting in Part and Denying in Part Defendants Nationstar Mortgage LLC, Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association's Motion (1) to Dismiss Complaint Filed May 28, 2014, and (2) for Sanctions Against Plaintiff's Counsel, Doc. No. 28; and (B) Granting Defendants Bank of America, N.A., and Martha Munoz' Motion to Dismiss Complaint Filed September 8, 2014, Doc. No. 31